IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERMAINE WALKER, # B-52757,          )
and UNKNOWN PARTY,                   )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )          Case No. 14-cv-00550-MJR
                                     )
DONALD GAETZ, *et al.*,              )
                                     )
                    Defendants.      )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff Jermaine Walker[1] (Doc. 2), who is an inmate at Pinckneyville Correctional Center ("Pinckneyville").  Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00[2] filing fee in a civil case.  *See* 28 U.S.C. § 1914(a).  For the reasons set forth herein, Plaintiff's IFP motion shall be denied and the case dismissed.

## Discussion

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

---

[1] "Rastafarian Participants, *et al.*" are also listed as Plaintiffs.  However, Plaintiff Walker is the only individual who actually signed the complaint and appears to be the only plaintiff currently involved in bringing this action.

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915(a)(2).   Plaintiff's motion is deficient because he failed to provide a trust fund account statement for the 6-month period immediately preceding this action.   However, this deficiency is not determinative.

Plaintiff's IFP motion fails on its merits.   According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Walker v. Cook County Jail*, Case No. 98-cv-2154 (N.D. Ill., dismissed May 22, 1998); *Walker v. Michaelek*, Case No. 08-cv-1542 (N.D. Ill., dismissed April 30, 2009); *Walker v. Sheriff of Cook County*, Case No. 08-cv-1866 (N.D. Ill., dismissed March 27, 2009). Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g),

he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has failed to satisfy this requirement.   The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).   In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."   *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).   Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."   *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff claims that he is a Rastafarian and wears dreadlocks in observance of his religion (Doc. 1, p. 15).   From February 10, 2010, until November 1, 2012, nineteen Pinckneyville officials undertook a campaign of harassment and discrimination against Plaintiff and other Rastafarian inmates by regularly threatening to forcibly remove their dreadlocks. Ultimately, Plaintiff was taken in handcuffs to the barber shop, where his dreadlocks were cut on November 1, 2012 (Doc. 1, p. 20).   Plaintiff filed the instant complaint on his own behalf and on behalf of other "Rastafarian participants," none of whom has actually been named in this lawsuit. Plaintiff raises claims against the nineteen Pinckneyville officials under the First Amendment, Eighth Amendment, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),  42 U.S.C. § 2000cc *et seq*.

Plaintiff's allegations focus on past injuries, which do not meet the exception to the "three strikes" rule. These injuries include past comments about Plaintiff's hair, threats to forcibly remove his dreadlocks, the actual removal of his dreadlocks, interference with his mail, and job discrimination. However, neither the complaint nor the IFP Motion suggests that Plaintiff is under imminent danger of serious physical injury at this time. Because Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three strikes" rule of Section 1915(g), he cannot proceed IFP in this case.

Because Plaintiff has also failed to disclose his litigation history, the Court deems it appropriate to sanction Plaintiff by dismissing this action. Plaintiff filed the action using the standard civil rights complaint form. This form requires Plaintiff to disclose his litigation history (Doc. 1, p. 11). In fact, the form devotes an entire page to the issue. It unequivocally states, "*Failure to comply with this provision may result in summary denial of your complaint*" (Doc. 1, p. 11) (emphasis in original). Plaintiff left the page blank.

The Court relies on the information provided by a prisoner when assessing the number of "strikes" he has incurred under 28 U.S.C. § 1915(g).[3] When he decided to leave this page blank, Plaintiff not only failed to disclose his three "strikes," but he also failed to disclose the fact that this Court has twice denied him leave to proceed IFP on this basis. *See Walker v. Robert, et al.*, Case No. 10-cv-345-JPG (S.D. Ill. 2010); *Walker v. Robert*, Case No. 10-cv-389-MJR (S.D. Ill. 2010). Where a party fails to provide an accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history

---

[3] Section 1915(g) provides that a prisoner shall not be granted pauper status if he has had three prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.

would result in dismissal). The Court interprets Plaintiff's failure to disclose any of this information as an attempt to commit fraud on the Court, warranting the outright dismissal of his case. Accordingly, this action shall be dismissed as a sanction for Plaintiff's failure to disclose his litigation history, and this dismissal shall be with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** as a sanction against Plaintiff for attempting to commit a fraud on the Court. All Defendants are **DISMISSED** from the action with prejudice.

**IT IS ALSO ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED** as **MOOT**.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 17, 2014**

s/ MICHAEL J. REAGAN
United States District Judge
